UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEVEN MORRIS, JR., JOHNNY MORRIS, individually and o/b/o his minor son, ZACHARY MORRIS and ASHLEY GRIFFIN o/b/o her minor son, ZACHARY MORRIS | § § § § § § | CIVIL ACTION NO. 11-2345 "G"(5)<br><br>JUDGE NANNETTE JOLIVETTE BROWN<br><br>MAGISTRATE JUDGE ALMA L. |
| V. | § § | CHASEZ |
| SWDI, LLC | § § | |

## ORDER AND REASONS

Before the Court is Defendant SWDI, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Clerk's Doc. No. 5), in which Defendant argues that the case should be dismissed because (1) "the law of the case doctrine" prohibits this Court from finding diversity jurisdiction because Judge Affrick ruled that there was no diversity in the previous federal court case and (2) this Court should abstain from hearing the case under *Colorado River Water Conservation District v. United States*[1] due to the parallel state court proceeding.

Having considered the complaint currently before the Court, the motion, the response, the reply, oral argument, and the applicable law, the Court need not reach the merits of Defendant's arguments regarding the law of the case and *Colorado River* abstention.  Based upon the face of the complaint and for the following reasons, the Court dismisses the case without prejudice for lack of subject matter jurisdiction.  Plaintiffs' complaint fails to state facts sufficient to establish complete diversity between Plaintiffs and Defendant SWDI, LLC, as required by 28 U.S.C. § 1332.

---

[1] 424 U.S. 800 (1976).

## Law and Analysis

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.  "It has long been the general rule that complete diversity of parties is required in order that diversity jurisdiction obtain; that is, no party on one side may be a citizen of the same State as any party on the other side."[2]  Diverse citizenship must be present at the time the complaint is filed, and it is not affected by "subsequent changes in the citizenship of the parties."[3] The burden of proof remains on the party asserting jurisdiction,[4] and jurisdiction must be apparent on the face of the complaint.[5]  The rules requiring the party asserting jurisdiction to do so "are straightforward, and the law demands strict adherence to them."[6]

Defendant SWDI, LLC is a limited liability company according to its name, and the citizenship of a limited liability company is "determined by the citizenship of all of its members."[7] Plaintiffs' complaint neither identifies the members of the defendant limited liability company nor does it state the citizenship of those members.  Accordingly, Plaintiffs' complaint fails to sufficiently

---

[2]  *Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir. 1974).

[3]  *Id*. at 1398-99.

[4]  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[5]  *See, e.g., MacKenzie v. Local 624, Int'l Union of Operating Eng'rs*, 472 F.Supp. 1025, 1030 (5th Cir. 1979); *Cont'l Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1343 (5th Cir. 1979).  *See also*, *Kerney v. Fort Griffin Fandangle Ass'n*, 624 F.2d 717, 719 (5th Cir. 1980) (pleading party must set out basis for jurisdiction "distinctly and affirmatively").

[6]  *Nadler v. Am. Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).

[7]  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

plead facts necessary to meet their burden to establish the existence of complete diversity between

Plaintiffs and Defendant SWDI, LLC.[8]

Moreover, in their complaint, Plaintiffs allege simply that SWDI, LLC "is a *corporation* organized in and domiciled in a state other than Louisiana."[9] However, SWDI, LLC is not a "corporation" but rather a "limited liability company."  The determination of citizenship of a corporation and of a limited liability company are different.  Even if SWDI, LLC is not a limited liability company as its name suggests but rather a "corporation," diversity would not exist.  "[A] corporation shall be deemed a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business . . . ."[10]  "[A]llegations regarding the citizenship of a corporation must set out the principal place of business as well as the state of its incorporation . . . ."[11]  Plaintiffs' complaint states neither where SWDI, LLC is incorporated nor that the principal place of business of SWDI, LLC is located in a place other than Louisiana,[12] again failing to meet Plaintiffs' burden as the party asserting jurisdiction.

---

[8] *Ramming*, 281 F.3d at 161.  *See also, Grisales v. Forex Capital Markets, LLC*, No. 11-228, 2011 U.S. Dist. LEXIS 144932, at *24-25 (S.D. N.Y. Dec. 9, 2011) (where a plaintiff fails to make any allegation regarding the identity and citizenship of a limited liability company's membership, plaintiff does not adequately plead complete diversity).

[9] Clerk's Doc. No. 1 at ¶ 2 (emphasis added).

[10] 28 U.S.C. § 1332(c)(1) (emphasis added).

[11] *Neeley v. Bankers Trust Co. of Tex.*, 757 F.2d 621, 634 n. 18 (5th Cir. 1985) (citing *Ill. Cent. R.R. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir.1983)).

[12] In fact, Plaintiffs' previous federal complaint in this action and Plaintiffs' complaint in the action filed in state court are attached as Exhibits 4 and 10 to Defendant Chevron's Memorandum in Support of its Motion to Dismiss.  In these, Plaintiffs specifically assert that SWDI, LLC is a foreign corporation "with its principal place of business in East Baton Rouge Parish, Louisiana." Clerk's Doc. No. 5-4 at ¶ I; Clerk's Doc. No. 5-10 at ¶ I.  If these statements are correct, there would be no diversity since both Plaintiffs and Defendant would be citizens of Louisiana.

### Conclusion

Plaintiffs assert the basis for the Court's subject matter jurisdiction to be diversity pursuant to 28 U.S.C. § 1332(a)(1), but Plaintiffs have failed to sufficiently plead complete diversity as required.   Accordingly, for the reasons set forth above,

**IT IS ORDERED** that this case is **DISMISSED** without prejudice.

**NEW ORLEANS, LOUISIANA** this __29th__ day of December, 2011.


NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE

4